```
JOB STATUS REPORT**                AS OF  APR 24, 07 08:04      PAGE. 01
                                            USMS CELLBLOCK

JOB #784                                                    07-149-M-01

       DATE  TIME     TO/FROM      MODE   MIN/SEC   PGS   STATUS
001    24   07:59      94421001    EC--S   00'09"   001   OK
002         08:00    2022087515    EC--S   00'09"   001   OK
003         08:01         72304    EC--S   00'12"   001   OK
004         08:01         48782    EC--S   00'26"   001   OK
005         08:02    202 354 3008  EC--S   00'09"   001   OK
006         08:03    2025148707    EC--S   00'35"   001   OK
```

**FILED**

APR 2 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America, | CASE NUMBER: |
|---|---|
| Plaintiff(s) | CIT00297784 |
| v. | |
| DaVon A. Lambert | **WARRANT FOR ARREST** |
| Defendant(s) | |

TO: UNITED STATES MARSHAL AND ANY AUTHORIZED UNITED STATES OFFICER

YOU ARE HEREBY COMMANDED to arrest ___DaVon A. Lambert___
and bring him/her forthwith to the nearest Magistrate Judge to answer a(n): ☐ Complaint  ☐ Indictment
☐ Information   ☐ Order of Court   ☒ Violation Petition        ☐ Violation Notice
charging him/her with: (ENTER DESCRIPTION OF OFFENSE BELOW)

in violation of Title ___18___ United States Code, Section(s) __3565__

| Sherri R. Carter | 5/25/06  San Luis Obispo, CA |
|---|---|
| NAME OF ISSUING OFFICER | DATE AND LOCATION OF ISSUANCE |
| Clerk of Court | |
| TITLE OF ISSUING OFFICER | RITA COYNE FEDERMAN |
| [signature] | BY: |
| SIGNATURE OF DEPUTY CLERK | NAME OF JUDICIAL OFFICER |

**RETURN**

THIS WARRANT WAS RECEIVED AND EXECUTED WITH THE ARREST OF THE ABOVE-NAMED DEFENDANT AT (LOCATION):

| 5/25/06 | Stephanie Owens |
|---|---|
| DATE RECEIVED | NAME OF ARRESTING OFFICER |
| 4/24/07 | DUSM |
| DATE OF ARREST | TITLE |
| | [signature] |
| | SIGNATURE OF ARRESTING OFFICER |

DESCRIPTIVE INFORMATION FOR DEFENDANT
CONTAINED ON PAGE TWO

WARRANT FOR ARREST

CR-12 (07/04)                                              PAGE 1 OF 2

2895701C

PROB 12

# United States District Court

for

CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U.S. DISTRICT COURT
MAY 2 2 2006
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

U.S.A. VS. DAVON A. LAMBERT

Docket No. R0297784-RCF

FILED
APR 2 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Petition on Probation and Supervised Release (Bench Warrant)

COMES NOW LORETTA S. MARTIN, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of <u>DAVONN A. LAMBERT</u> who was placed on supervision by the Honorable <u>RITA COYNE FEDERMAN</u> sitting in the Court at <u>Santa Barbara</u>, on the <u>19th</u> day of <u>January, 2006</u> who fixed the period of supervision at <u>three years</u>, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

(SEE ATTACHED COPY/COPIES OF JUDGMENT AND PROBATIONARY ORDER/ORDERS.)

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

(If short Insert here; if lengthy write on separate sheet and attach.)

It is alleged that the above-named probationer has violated the terms and conditions of supervision to wit:

1. Having been instructed by the Probation Officer to submit truthful and complete written reports within the first five days of each month, Davonn A. Lambert failed to submit written reports for the months of March, 2006, April, 2006, and May, 2006.

2. Having been instructed by the Probation Officer to contact and enroll in a designated driving-under-the-influence program no later than February 28, 2006, Davonn A. Lambert failed to contact the program and failed to enroll in the program.

3. Having been instructed by the Probation Officer to report change of residence within 72 hours, on or about April 7, 2006, Davonn A. Lambert changed his residence to Capitol Heights, Maryland, without reporting such change to the Probation Officer.

4. Having been instructed by the Probation Officer not to leave the Judicial District without the permission of the Court or Probation Officer, on or about April 7, 2006, Davonn A. Lambert left the Judicial District without the permission of the Court or the Probation Officer.

5. Having been instructed by the Probation Officer to complete 24 hours of community service no later than May 1, 2006, Davonn A. Lambert failed to complete any community service as of May 1, 2006.

**PRAYING THAT THE COURT WILL ORDER** issuance of a bench warrant addressed to any United States Marshal or any other authorized officer within the United States of America, requiring the detention and return of Davonn A. Lambert before the United States Magistrate Court at Santa Barbara, California, to show cause why the supervision order, heretofore entered, should not be revoked.

ORDER OF COURT

Considered and ordered this 22nd day of May, 2006 and ordered filed and made a part of the records in the above case.

_____
United States Magistrate Judge
RITA COYNE FEDERMAN

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on May 17, 2006

CHRISTOPHER C. QUICI
U.S. Probation Officer

Place Santa Barbara

1159

# SENTENCING CONSIDERATIONS

Name: Davonn A. LAMBERT                                                                  Docket No. R0297784-RCF

Mr. Lambert is on supervision after the commission of a Class B Misdemeanor. The United States Sentencing Commission Policy Statements regarding probation violations do not apply in this case.

California Vehicle Code §23256 authorizes a maximum six month period of custody for a first-time driving under the influence conviction.

California Vehicle Code §23538(e)(1) requires the Court to revoke probation, pursuant to Vehicle Code §23602, except for good cause shown, for the failure to enroll in, participate in, or complete the driving under the influence program.

California Vehicle Code §23602 notes that, except as otherwise expressly provided, if the Court has suspended execution of sentence and granted probation to a defendant convicted of a violation of Vehicle Code §23152 or 23153, and the Court finds a violation of a required term of probation, the Court shall revoke or terminate probation, revoke the suspension of sentence and proceed under California Penal Code §1203.2c.

California Penal Code §1203.2c provides, "Upon any revocation and termination of probation the court may, if the sentence has been suspended, pronounce judgement for any time within the longest period for which the person might have been sentenced. However, if judgment has been pronounced and the execution thereof has been suspended, the court may revoke the suspension and order that the judgment shall be in full force and effect. In either case, the person shall be delivered over to the proper officer to server his or her sentence, less any credits herein provided for"